UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        **Docket No.:**
---------------------------------------------------------X
YVONNE CONNOLLY,

                    Plaintiff,        **COMPLAINT**

    -against-

KEVIN J. FOREMAN,

                    Defendant        **JURY TRIAL REQUESTED**
---------------------------------------------------------X

Plaintiff, **YVONNE CONNOLLY**, by her attorneys, **MADUEGBUNA COOPER, LLP**, for her complaint herein alleges:

### I.    THE NATURE OF THIS ACTION

1. This is an action to recover money damages for negligence, negligent infliction of emotional distress, sexual assault, assault, battery, false imprisonment and intentional infliction of emotional distress committed against Plaintiff by Defendant FOREMAN KEVIN J. FOREMAN ("FOREMAN" or "Defendant FOREMAN").

2. Plaintiff also brings this action under the Gender-Motivated Violence Act, as contained in the Administrative Code of the City of New York, § 8-901, *et seq.* ("GMVA").

3. Plaintiff was sexually assaulted by Defendant FOREMAN, after he

- 1 -

plied her with alcohol, and possibly sedatives, when among other things, Defendant FOREMAN forcibly raped Plaintiff, forcibly anally penetrated her, and while Plaintiff was drunk and otherwise intoxicated with alcohol and/or sedatives, which Defendant FOREMAN provided, failed in his duty, which he undertook, when he escorted Plaintiff home and helped her up the stairs; rather than properly take care of Plaintiff, Defendant FOREMAN allowed Plaintiff to fall and hit her face on the steps, causing her to bleed and sustain injuries.

4. As a result of Defendant FOREMAN's outrageous and unlawful conduct, he caused Plaintiff to suffer and continue to suffer physical and psychological injuries, severe mental anguish and emotional distress.

## II. JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

6. Venue is placed in this district pursuant to 28 U.S.C. § 1391(b)(2) because it is where the events complained of occurred.

## III. PARTIES

7. Plaintiff is a forty-eight (48) year-old female of Irish national origin.

8. Since 2014, Plaintiff has been a resident of the City of New York, in

- 3 -

the County of New York, City and State of New York.

9. At all relevant times, Defendant FOREMAN was (and is) a resident of the City of Sammamish, a Seattle suburb, in the County of King, State of Washington.

## IV. FACTS COMMON TO ALL CAUSES OF ACTION

*Plaintiff Meets Defendant FOREMAN for the First and Only Time:*

10. Plaintiff began living in the United States in or around April 2014..

11. On Wednesday, August 10, 2016, Defendant FOREMAN was present in New York on a business trip.

12. In the late afternoon of Wednesday, August 10, 2016, Defendant FOREMAN was present in Brendan's, a bar and grill, located at 42 West 35th Street, New York, New York ("Brendan's").

13. At some point in the late afternoon or evening of Wednesday, August 10, 2016, Plaintiff arrived at Brendan's with a colleague of hers for after-work drinks.

14. At some point after arriving at Brendan's, Defendant FOREMAN engaged Plaintiff and her colleague in conversation over drinks.

15. This was the first and only time of Plaintiff meeting Defendant FOREMAN.

16. At some point after meeting Defendant FOREMAN at Brendan's, Plaintiff's colleague left and went home. Plaintiff remained with Defendant FOREMAN at Brendan's.

17. At some point later in the evening of August 10, 2016, Plaintiff and Defendant FOREMAN left Brendan's and went to Molly's Shebeen, a pub and restaurant, located at 287 Third Avenue, New York, New York ("Molly's").

18. During the course of the evening, and at both Brendan's and Molly's, Defendant FOREMAN plied Plaintiff with alcohol, and possibly sedatives.

19. At some point in the course of the evening of August 10 or early morning of August 11, 2016, Defendant FOREMAN voluntarily offered to escort Plaintiff home, who by then was visibly drunk or intoxicated.

20. When, early in the morning of August 11, 2016, Plaintiff and Defendant FOREMAN got to Plaintiff's home, which was located close to Molly's, Defendant FOREMAN escorted Plaintiff up the stairs of her apartment building. Rather than properly take care of Plaintiff, Defendant FOREMAN allowed Plaintiff to fall and hit her face on the steps, causing her to bleed and sustain injuries.

21. By Defendant FOREMAN's own admission, Defendant FOREMAN then went on to kiss the blood off of her, thereby introducing saliva into Plaintiff's wounds and did not provide Plaintiff medical attention.

22. Defendant FOREMAN also admitted that early in the morning of Thursday, August 11, 2016, he removed Plaintiff's clothing, which made her cold, and otherwise failed to address Plaintiff's injuries or high level of intoxication.

23. As if that was not enough, early in the morning of August 11, 2016, Defendant FOREMAN forcibly raped Plaintiff, and when Plaintiff was under the influence of alcohol and/or sedatives plied her by Defendant FOREMAN, forcibly anally penetrated her.

24. Plaintiff remembers being conscious at one point, early in the morning of August 11, 2016, with Defendant FOREMAN behind her performing anal sex.

25. Defendant FOREMAN denies such conduct but admits to entering Plaintiff's residence and apartment, early in the morning of August 11, 2016, undressing and kissing her extensively, and without providing medical attention, while Plaintiff was drunk and/or drugged, left her unattended in order to attend a business meeting.

*Plaintiff Confronts Defendant FOREMAN:*

26. Later on the morning of August 11, 2016, Plaintiff awoke with a black eye and cut to her nose, apparently from having fallen on her face on the stairs in her apartment building, and felt discomfort from Defendant FOREMAN anally penetrating her.

27. On or about 9:22 AM on Thursday, August 11, 2016, Defendant FOREMAN sent a "good morning" text message to Plaintiff.

28. Plaintiff asked Defendant FOREMAN by text message whether her drinks had been laced with a drug or sedative and whether they had had sex.

29. In response, Defendant FOREMAN denied having sex with Plaintiff while wanting Plaintiff to continue to accede to his requests to remain friends and possibly exchange sexual favors.

30. Defendant FOREMAN continued to claim by text message that he had been "protecting" Plaintiff from falling down the stairs, even though he had negligently allowed her to fall and hit her face.

31. On August 12, 2016, Defendant FOREMAN texted Plaintiff again from the Seattle, Washington area, where he lives, and continued to coax Plaintiff to remain friends and possibly exchange sexual favors.

32. Plaintiff, feeling violated, horrified and in extreme emotional distress, did not respond to Defendant FOREMAN's messages.

*Plaintiff Informs Friends and Family of Defendant FOREMAN's Actions:*

33. After Defendant FOREMAN sexually assaulted Plaintiff, as is typical of sexual assault victims, Plaintiff did not want to face further trauma and humiliation by reporting to authorities the terrible ordeal and Defendant FOREMAN's unlawful conduct.

34. However, Plaintiff shared same with friends and family, including the colleague who had accompanied Plaintiff to Brendan's and met Defendant FOREMAN.

35. In addition, Plaintiff later contacted Defendant FOREMAN's wife to disclose her husband's attack and determine whether there were other victims.

36. Strengthened by the #MeToo movement and the coverage of Harvey Weinstein's alleged sexual assaults and harassment by *The New York Times* in 2018, Plaintiff decided to pursue this action to gain closure and hold Defendant FOREMAN accountable publicly. She first reached out to Defendant FOREMAN by letter, which he totally ignored, hence this lawsuit.

*Plaintiff has Suffered Severe Damages:*

37. Defendant FOREMAN was obligated to treat Plaintiff in a manner which protected her personal integrity and civil rights after he got her drunk and/or drugged on August 10 and/or August 11, 2016.

38. Instead, Defendant FOREMAN was negligent, physically assaulted and battered Plaintiff and engaged in incidents of degrading and sexually provocative conduct.

39. As a result of Defendant FOREMAN's egregious conduct, Plaintiff suffered damage in the form of injury to her person and integrity; physical conduct of a sexual nature, imposed on the basis of sex, including non-consensual sexual

conduct (and repeated attempts to commit same) by sexual touching, without Plaintiff's effective consent, by forcing Plaintiff to have sexual intercourse with Defendant FOREMAN.

40. Plaintiff has been the victim of sexual exploitation by Defendant FOREMAN, by his repeated taking or attempting to take nonconsensual or abusive sexual advantage of Plaintiff for his own advantage or benefit, while she was vulnerable and under the influence of alcohol or drugs.

41. Plaintiff has been the victim of dating violence by Defendant FOREMAN.

42. Moreover, Plaintiff has been a victim of gender-motivated violence.

43. As a proximate result of Defendant FOREMAN's conduct towards her, Plaintiff has suffered and continues to suffer significant monetary loss and damages.

44. As a further proximate result of Defendant FOREMAN's actions, Plaintiff has suffered and continues to suffer from severe emotional distress, lasting embarrassment, humiliation, and anguish, as well as other incidental and consequential damages and expenses.

45. Defendant FOREMAN's unlawful conduct is outrageous and malicious, was intended to injure Plaintiff, and was carried out with reckless

indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

## AS AND FOR A FIRST COUNT
### (Battery)

46. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

47. Defendant FOREMAN intended to commit and committed acts of unwanted conduct with Plaintiff.

48. Defendant FOREMAN committed unwanted contact with Plaintiff in a harmful and offensive manner, including but not limited to inflicting unwanted sexual contact with Plaintiff.

49. Defendant FOREMAN's battery on Plaintiff caused physical, mental and emotional distress.

50. Defendant FOREMAN used alcohol and/or sedatives to overwhelm and subdue Plaintiff.

51. As a direct and proximate result of the aforementioned batteries, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

52. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A SECOND COUNT
**(Assault)**

53. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

54. As described at length above, Defendant FOREMAN intended to cause apprehension of harmful or offensive conduct against Plaintiff.

55. Defendant FOREMAN committed unwanted conduct with Plaintiff in a harmful and offensive manner, including but not limited to inflicting unwanted sexual contact with Plaintiff.

56. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

57. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A THIRD COUNT
**(Intentional Infliction of Emotional Distress)**

58. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

59. Defendant FOREMAN's conduct, as aforesaid, was extreme and outrageous and intentionally caused Plaintiff severe emotional distress..

60. Defendant FOREMAN's conduct, as aforesaid, was outrageous and exceeded all possible bounds of decency.

61. Defendant FOREMAN acted with intent and recklessness with the intent and knowledge that Plaintiff had suffered emotional distress.

62. By his actions and conduct, Defendant FOREMAN intended to and did intentionally or recklessly cause Plaintiff to suffer severe emotional distress.

63. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

64. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A FOURTH COUNT
**(Negligence)**

65. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

66. Defendant FOREMAN voluntarily offered to escort Plaintiff home and up the stairs to her apartment, and owed a duty of care towards Plaintiff.

67. Defendant FOREMAN was careless and negligent in his care of Plaintiff, by failing to properly take care of Plaintiff and escort her safely to her apartment.

68. Defendant FOREMAN breached his duty and negligently allowed Plaintiff to fall onto her face on the stairs, causing a black eye and cut to her nose; removed Plaintiff's clothing, which made her cold; and kissed her extensively, and was otherwise negligent in not addressing Plaintiff's injuries or high level of intoxication.

69. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

70. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A FIFTH COUNT
**(Negligent Infliction of Emotional Distress)**

71. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

72. Defendant FOREMAN's conduct negligently caused emotional distress to Plaintiff.

73. Defendant FOREMAN could reasonably foresee that his actions would result in the infliction of emotional distress upon Plaintiff.

74. Plaintiff suffered emotional distress as a result of Defendant FOREMAN's actions.

75. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

76. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A SIXTH COUNT
**(Sexual Assault)**

77. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

78. Defendant FOREMAN engaged in sexual intercourse with Plaintiff by forceful compulsion and/or when Plaintiff was incapable of consent by reason of being physically helpless.

79. Defendant FOREMAN engaged in anal sexual conduct with Plaintiff by forcible compulsion and/or when Plaintiff was incapable of consent by reason of being physically helpless.

80. Defendant FOREMAN's harassment and assault upon Plaintiff was severe and caused physical, mental and emotional distress.

81. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

82. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR A SEVENTH COUNT
### (False Imprisonment)

83. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

84. At the time of the sexual assault described above, without authority or justification, Defendant FOREMAN held Plaintiff captive in her home.

85. Defendant FOREMAN physically prevented Plaintiff from leaving.

86. Through these actions, Defendant FOREMAN caused Plaintiff to reasonably fear immediate physical harm.

87. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered and continues to suffer, among other items, injury, emotional

distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

88. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## AS AND FOR AN EIGHTH COUNT
### (Crime of Gender-Motivated Violence in Violation of GMVA)

89. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

90. The above-described conduct of Defendant FOREMAN constitutes a "crime of violence" and a "crime of violence motivated by gender" against Plaintiff, as defined by the New York City Human Rights Law.

91. Defendant FOREMAN committed several crimes of violence motivated by gender, as contemplated by the GMVA, including, without limitation, forced sexual acts, physical assault and battering of the plaintiff, thereby injuring Plaintiff.

92. The above-described conduct of Defendant FOREMAN constitutes a "crime of violence" against Plaintiff motivated (i) by her gender, (ii) on the basis of her gender, and/or (iii) due, at least in part, to an animus based on her gender.

93. Defendant FOREMAN committed a "crime of violence" against Plaintiff because she is a woman and, at least in part, because he has an animus towards women.

94. Defendant FOREMAN's gender-motivation and animus towards women is demonstrated by, inter alia, his plying a woman with alcohol and/or sedatives in order to take sexual advantage of her and forcibly raping Plaintiff.

95. As a direct and proximate result of the aforementioned gender-motivated violence, Plaintiff has suffered and continues to suffer, among other items, injury, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and lasting embarrassment and humiliation.

96. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but estimated to be no less than $100,000.00.

## PUNITIVE DAMAGES

97. By reason of the wanton, unrepentant, reckless, and egregious conduct of Defendant FOREMAN herein-above alleged, Plaintiff claims punitive damages.

**WHEREFORE,** Plaintiff prays that this Court grant her judgment containing the following relief:

    a. Impanel a jury to hear Plaintiff's claims;

b.  An award of damages in an amount to be determined upon the trial of this matter to compensate Plaintiff for her monetary loss and damages;

c.  An award of damages to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury for each cause of action;

d.  An award of damages in an amount to be determined upon the trial of this matter to compensate Plaintiff for violations of her rights;

e.  An award of punitive damages to be determined at the time of trial for each cause of action;

f.  An award of reasonable attorneys' fees and costs related to Plaintiff's claims; and

g.  Such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        August 9, 2019

                                    Respectfully Submitted,

                                    [signature]

                                    MADUEGBUNA COOPER, LLP
                                    BY:  SAMUEL O. MADUEGBUNA, ESQ.
                                    Attorneys for Plaintiff YVONNE CONNOLLY
                                    30 Wall Street, 8th Floor
                                    New York, New York 10005
                                    (212) 232-0155


TO:  Defendant
     KEVIN J. FOREMAN
     26628 SE 15th Street
     Sammamish, Washington 98075

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*          *Index No.*

------------------------------------------------------------------------------------------------
*YVONNE CONNOLLY,*

                                                    *Plaintiff,*

      *-against-*

*KEVIN J. FOREMAN,*

                                                  *Defendant.*
------------------------------------------------------------------------------------------------

                          *COMPLAINT AND JURY DEMAND*

------------------------------------------------------------------------------------------------
*Signature (Rule 130-1.1-a)*

_____
*Print name beneath*
*SAMUEL O. MADUEGBUNA, ESQ.*

_____

                                        *Yours, etc.*

                         *MADUEGBUNA COOPER LLP*
                           *Attorneys for Plaintiff*
                         *30 Wall Street, 8th Floor*
                         *New York, New York 10005*
                             *(212) 232- 0155*

*To: All Counsel of Record*
_____
*Service of the within is hereby admitted on*

_____

*Attorneys for*